### E. EBERSTADT v. W. F. JONES.

Delivered October 22, 1898.

**1. Sworn Account—Affidavit Denying.**

Defendant's affidavit denying the correctness of a sworn account sued upon is insufficient where such controverting affidavit denies the account except for sundries named in an exhibit to the denial which is not sufficiently specified to identify the items named in it as a part of the items sued upon.

**2. Sale of Liquor—Illegality—Nonpayment of Occupation Tax.**

A retail vendor of liquor is entitled to recover the purchase price thereof although at the time he made the sale he had not paid the occupation tax and procured a license as required by the statute, and although the Penal Code makes it an offense to "engage in the sale" of intoxicating liquor without having first procured a license, and provides that each day a party engages in such sale shall constitute a separate offense.

APPEAL from Marion. Tried below before Hon. J. M. TALBOT.

*Geo. T. Todd* and *J. H. Culberson,* for appellant.

*W. F. Armistead,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by appellant against the appellee upon an account for goods sold and delivered by appellant to appellee. The account was sworn to as provided by the statute. The appellee answered, denying upon oath certain items contained in the account, and further pleaded that among the items of the appellant's account there were many items for liquor sold by appellant, and that at the time of the sale appellant had not procured a license as a retail liquor dealer, and therefore could not recover for the value of the liquor sold. There was a trial without a jury, which resulted in a judgment for plaintiff for $42.30. From this judgment appellant duly prosecuted his appeal to this court.

Appellant's first assignment of error complains of the action of the court in overruling his special exception to defendant's affidavit denying the correctness of the account sued upon, because the controverting affidavit fails to specify the particular items of said account which are incorrect. The petition declares upon an account for goods, wares, and merchandise sold and delivered by appellant to appellee, and attached to the petition, which embraces items of whisky, groceries, cigars, etc., consisting of six legal cap typewritten pages. This account is sworn to under the statute. Sayles' Civ. Stats., art. 2323.

The appellee filed a denial of account under the oath as follows: "And specially answering therein, the defendant says that in the fall of 1894 he gave orders to E. Eberstadt for whisky and sundries, amounting in the aggregate to $146.25, as shown at the time, and to the persons, and for the respective amount as shown by exhibit "A" thereto attached and made a part thereof; and the defendant denies under oath the account in whole, except for the sundries named in exhibit "A," not including the whiskies, and the same is not just, due, or owing to him by plaintiff." The account attached to this answer is not sufficiently specific to identify the items therein named as a part of the items of the account sued upon. The items of the account attached to the defendant's answer are hardly intelligible when considered by themselves. The following is a specimen of the manner in which the account is made out:

"11-5, Benefield....................................... .35"

It does not show whether this is for groceries, whisky, or cigars, or whether it is an order given by defendant upon plaintiff. This denial is not in compliance with the statute, and plaintiff's exception thereto should have been sustained.

Appellant's second assignment of error complains of the action of the court in overruling plaintiff's special demurrer to the defendant's answer setting up the illegality of the contract for the sale of the whisky embraced in the account sued upon. The defendant specially answered that plaintiff's claim for whiskies was illegal, because, that at the time of the sale of the same, plaintiff was pursuing the occupation of a retail liquor dealer without having paid his taxes as such and without having procured a license, and the same was an indictable offense, and he alleged

that because of plaintiff's not having a license to sell liquor the sale of the same was illegal, and plaintiff could not recover for the price of the liquor as so sold.

The plaintiff filed a special exception to this answer, which exception was overruled by the court, and plaintiff excepted. The statute provides that any person, firm, or association desiring to sell spirituous, vinous, or malt liquors in this State, shall first pay an occupation tax and procure a license. Sayles' Civ. Stats., art. 5060a.

Any person, firm, or association of persons may procure the license by making application and giving bond and paying the taxes. Arts. 5060b, 5060c, supra.

This statute does not limit the sale of whisky to any particular class of persons, but expressly requires that the person shall first procure a license. And the succeeding sections say that any person may procure a license by paying taxes and executing the bond. The statute is a part of the laws referring to the subject of taxation of the State, and is one of the means provided by the Legislature for raising a revenue.

Article 411a of the Penal Code provides that any person or association of persons who shall engage in the sale of spirituous, vinous, or malt liquors without having obtained a license therefor, shall be fined or imprisoned in the county jail, in the discretion of the jury. This statute makes it an offense to "engage in the sale" of intoxicating liquors without having first procured a license. The offense named is, "engaging in the sale," that is, pursuing the occupation. It is the occupation that is taxed, and it is the engaging in the occupation without a license that is made an offense. The statutes of this State do not expressly make the sale of liquor unlawful.

Article 411b of the Penal Code does not make it an offense for any person to sell in quantities not authorized by his or their license, or who shall sell in any other place than that designated in the license, or who shall sell otherwise than authorized by the license, to be deemed guilty of a misdemeanor. The proviso in this same article is, that each day any person shall "engage in the sale" of spirituous liquors, etc., in violation of this article, shall constitute a separate offense. This article refers to those engaged in the sale, and provides that each day that the party engages in the sale as provided in the article shall constitute a separate offense. The penalty imposed is against the occupation, that is, in "engaging in the sale," and the "engaging in the sale" for a day shall constitute an offense. It has been held that a single act of sale would not be an offense under a statute similar to this. Rahter v. Bank, 92 Pa. St., 393.

The penalty is imposed because of the failure to procure a license, and attaches to the person engaging in the sale.

Where a license to carry on a business is required for the sole purpose of raising revenue, and a statute inflicts a penalty by way of securing payment of the license named, a sale without a license is not invalid and the price of the goods may be recovered. Johnson v. Hudson, 11 East.,

180; Mandlebaum v. Gregovitch, 17 Nev., 87; same case, 45 Am. Rep., 433; Rahter v. Bank, supra; Griffith v. Wells, 3 Denio, 226.

We are of the opinion that the plaintiff could maintain his action to recover the price of the liquors sold and delivered, although at the time of the sale he had not procured a license to sell the same as provided by the statute. It follows that the court erred in overruling the plaintiff's special exception to that part of the answer setting up the illegality of the contract for the sale of the liquor by reason of plaintiff having failed to procure a license as a retail liquor dealer at the time of making the sale.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*