**SEBY v. CRAVEN LUMBER CO.  (No. 1582.)**

(Court of Civil Appeals of Texas.   El Paso.
Feb. 28, 1924.)

1. Action ⬥═48(3), 50(4)—In action for debt
and to foreclose lien, plea in abatement for
misjoinder of causes held properly overruled.

In action on a debt for lumber sold to one
defendant and to foreclose a mechanic's lien
on another defendant's lots, where part of
the lumber was used, the liens asserted, if
plaintiff was entitled to them, being but inci-
dents to the debt sued on, *held*, that pleas in
abatement for misjoinder of causes of action
and parties were properly overruled.

2. Sales ⬥═288(5)—Buyer held estopped from
asserting that lumber was not such as he
ordered.

Where contract for purchase of lumber was
executory, any warranty being implied, and not
express, and buyer received the lumber at his
place of business and without protest as to
quality, distributed it to the places of its intend-
ed use, and made use of it before defects of
quality were claimed, there was acceptance aft-
er inspection or opportunity to inspect, and
buyer was estopped from asserting it was not
as ordered, so far as all visible defects were
concerned.

3. Sales ⬥═270—Buyer accepting goods after
inspection without remedy as to discoverable
defects on implied warranty.

Where party purchasing has a fair opportu-
nity of inspecting, and defects are of such na-
ture as can be discovered by his inspection, then
there is no implied warranty of quality or fit-
ness, and, in absence of fraud, buyer is without
remedy he might have on implied warranty.

4. Appeal and error ⬥═759—Assignments of
error not copied in brief not considered.

Where propositions and assignments of er-
ror referred to therein are not copied in the
brief, they cannot be considered.

5. Judgment ⬥═194 — Judgment held final
though not disposing of liens asserted.

In action on a debt for lumber sold and de-
livered to one defendant, and to foreclose me-
chanic's liens on another defendant's lots on
which part of the lumber was used, the fact that
verdict against the former did not dispose of
the liens asserted did not prevent judgment ren-
dered thereon from becoming final as to him.

Appeal from District Court, Taylor Coun-
ty; W. R. Ely, Judge.

Action by the Craven Lumber Company
against H. M. Seby and another.  Judgment
for plaintiff against defendant named only,
and he appeals.  Affirmed.

Ben L. Cox and Thos. E. Hayden, Jr., both
of Abilene, for appellant.

Davidson & Hickman and Wagstaff, Har-
well & Wagstaff, all of Abilene, for appellee.

WALTHALL, J. The Craven Lumber
Company, a corporation, brought this suit
against H. M. Seby and Simmons College, a
corporation, to recover a personal judgment
against Seby on a debt on a verified account
in the sum of $1,130.99 for three cars of lum-
ber sold and delivered to him upon an ex-
press agreement, and, if there was no ex-
press agreement, then upon an implied prom-
ise on the part of Seby to pay for same; and
as to Simmons College, to foreclose a me-
chanic and materialman's lien on certain lots
described, belonging to the college, on which
lots a part of the lumber was used by Seby
in the erection of certain improvements, and
on which lots it is alleged plaintiff duly fixed
its lien.

It is alleged that a part of the materials
mentioned in the account was purchased by
Seby upon his representation that same were
to be used in the erection of a building on
lots described, owned by J. M. Radford, and
that plaintiff had duly filed its itemized
statement asserting its lien upon said mate-
rial and lots, but in truth and in fact Seby
did not use said material in a building on
said lots for Radford, but plaintiff asserts its
lien on the material so sold.

Simmons College answered, but its answer
we need not state, as judgment was ren-
dered in its favor, and no cross-appeal by
plaintiff is presented.

Seby answered first by plea in abatement,
to the effect that there was a misjoinder of
causes of action and of parties, in that plain-
tiff was seeking judgment against him on
two distinct bills of lumber, and to foreclose
the two separate and distinct liens against
two parties on different properties.  The
court overruled the plea, to which Seby ex-
cepted.

Seby further answered, denying under
oath the company's account in whole; he fur-
ther answered that he ordered the materi-
al set out by items in plaintiff's account for
the company, under contract by the terms of
which the material was to be standard, and
such lumber and material as could be used in
the character of work for which it was pur-
chased, which was made known to the com-
pany at the time.  Seby alleged that when
the lumber and material were delivered at
his place of business he found that same was
not standard, stating wherein it was not
standard, and could not be used for the pur-
pose for which it was purchased, was worth-
less, and of no use to him, for which reason
the consideration wholly failed; that he had
countermanded the order for the last car of
the lumber, but that same was shipped on
agreement that the prices would be reduced
and proper credit for decline in price at time
of delivery; that there was a decline in the
price of $250 at time of delivery, which the
company agreed to allow, irrespective of its
quality, and which the company failed to do;
and stated his losses because the lumber was
not standard to be $500.

---

⬥═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The company denied the allegations of. Seby's answer; denied that he countermanded any order; alleged that it shipped the lumber and material as specified in the statement, and that Seby accepted and used same, and by reason thereof he is now estopped from asserting that same were not such as he ordered, and that he has not at any time furnished plaintiff a statement showing what part was not in compliance with his purchase.

The case was tried by the court sitting with a jury, and, the evidence having been heard, the court instructed the following verdict:

"We, the jury find for the plaintiff for $1,130.-99 and interest from January 1, 1921, at 6 per cent."

The court entered a personal judgment in favor of the plaintiff and against Seby for the amount stated in the verdict and for interest and costs, and refused plaintiff judgment and relief as to both liens.

## Opinion.

[1] The court was not in error in overruling appellant's plea in abatement as complained of in the first and second propositions, there being neither misjoinder of parties nor causes of action. The liens asserted as to Simmons College, and as to the personal property, if plaintiff had or was entitled to either or both such liens, would be incidents to the debt sued on.

It is submitted under the several propositions that the court was in error in instructing the verdict, for the reason that the Lumber Company impliedly warranted the lumber and material to come up to the specifications contained in Seby's order for the lumber; that, Seby having no opportunity to inspect the lumber prior to the time it was unloaded out of the cars and delivered at his place of business, the fact that he retained the lumber and used a part of it did not discharge the contract to furnish him the grade of material ordered, nor estop him from claiming his damages by way of offset against plaintiff's suit; nor would appellant's retention and use of the lumber after appellee's promise to give him proper discount on account of the quality of the material estop him from asserting his damage; that issue of offset or damage would be for the jury; the verdict having failed to dispose of the issues of the lien as to Simmons College, the asserted lien on the lumber and all the issues of all parties were not disposed of, and the judgment was not final.

Appellant makes no contention that the material sued for was not delivered to him and accepted by him, but that under the implied warranty as to the quality of the material he had the right to offset the difference in value of the material delivered and that ordered, and that his offset was a proper issue for the jury.

[2] Seby alleged that when the lumber and material were delivered at his place of business he found that it was not standard, but inferior as to measurement and quality; that he had countermanded the order for the last car of lumber, and that later same was shipped on the agreement that the prices would be reduced and credit given for defects in the material and decline in price at time of delivery; and alleged that there was such decline in the price of the one car of $250, irrespective of the quality of the material and refusal to give the credit. He further alleged that such lumber as he used was used at a loss because of its short lengths, under widths and thickness, and loss of labor in working with such material, and stated his losses in the gross sum of $500.

Appellant does not allege a want of opportunity to inspect the lumber prior to its delivery at his place of business, and made no complaint of its defects after its delivery at his place of business, until some days later, when the president of the appellee company was in Abilene, and after the lumber had been distributed at the several places where appellant had begun to use and had used a large part of it. Do the above facts constitute a waiver of any defects in the material, or constitute an estoppel as to any offset appellant might otherwise have as against the contract price? The defects in the lumber, if any, were patent defects after delivery, and discoverable on inspection, and the warranty as to quality of the lumber, if any, was implied, and not express.

The contract for the purchase of the lumber was executory. Florida Athletic Club v. Hope Lumber Co., 18 Tex. Civ. App. 161, 44 S. W. 10. Appellant insists that the lumber and materials were not such as were called for in his agreement, but admits that he received it at his place of business in Abilene, and the evidence discloses that, without making protest as to its quality, he distributed the material to the several places of its intended use, and made use of much of it before any defects in its quality were claimed, and then only when the representative of the lumber company, about a month after its delivery, visited Abilene. Clearly there was an acceptance of the lumber after inspection or full opportunity to inspect after the lumber had been removed from the cars at his place of business. The cases we have examined are not altogether harmonious, and we will state the rule as we think it is announced by the Supreme Court of this state.

[3] The rule is well established that, where a party purchasing has a fair opportunity of inspecting, and the defects were of such a nature as could have been discovered by him by inspection, then there is no implied warranty of quality or fitness, and, in the absence of fraud, the buyer is

without remedy in any character of defense or suit he might have on an implied warranty. Fay Fruit Co. v. Talerico, 26 Tex. Civ. App. 345, 63 S. W. 656; Seay v. Diller (Tex. Sup.) 16 S. W. 642; Gorham v. Dallas, G. & S. W. Ry. Co. (Tex. Civ. App.) 106 S. W. 930.; Parks v. O'Connor, 70 Tex. 377, 8 S. W. 104. As said by the Supreme Court in the last above cited case, where the purchaser inspects the thing sold he is estopped to set up that it is not such as the seller has agreed to deliver, so far as all visible defects are concerned. His mere protests, in the face of his acceptance, amount to nothing. After inspection he must take the property under the contract or not at all.

What has been said applies more particularly to the first two cars of lumber shipped as to which acceptance is shown. As to the third and last car of lumber, it seems clear that the $250 was alleged to be the amount of the decline in the price of that car, and which appellant alleged appellee, at the time same was being unloaded, and before acceptance, agreed that the price as to that car would be reduced, and a proper credit given on account of defects .in the lumber, as well as a decline in value, and that there was such decline in price at the time of delivery.

It is not so clear from the answer to which car or cars the alleged $500 losses are intended to be asserted. If the alleged losses apply exclusively to or include the first two cars, what is said above expresses our views as to such losses. If the said losses are intended to be asserted as to the last or third car only, in that event the element of the alleged agreement as above enters into the equation, and the questions then presented would seem to be questions of fact. Does the evidence raise the issues of such agreement and losses? If there was such agreement appellant's acceptance of the car based thereon would not bar a recovery for the loss sustained by reason of defects and decline in value by reason thereof. The evidence does not show a decline in value, nor does the evidence show the agreement as alleged, to the effect that the last car would be canceled, the prices would be reduced, and the proper credit given for defects in the lumber, as well as decline in the price at the time of delivery. The agreement as testified to by Seby is:

"I told him [Craven, the representative of the company] to cancel this last carload, and he said he would if he could, and he went back to Dallas and sent me a wire, about two days after, that he could not cancel it because it had already been loaded. He told me he would make it right with me."

The agreement pleaded is so variant from that testified to that there is hardly a similarity between them.

[5] Appellant, under his sixth proposition, refers to four assignments of error, and says that each is itself a proposition of law, and he submits them as such; but he does not copy in his brief any one of them as a proposition, nor are the assignments referred to copied anywhere in his brief. They cannot be considered.

[6] The fact that the verdict did not dispose of the liens asserted against the material on properties of Radford and Simmons College did not prevent the judgment rendered on the verdict from being a final judgment, as insisted by appellant. Powell v. Smith et al. (Tex. Civ. App.) 242 S. W. 1115.

The case is affirmed.