**OIL WELL SUPPLY CO. v. TEXANNA PRODUCTION CO. et al. (No. 2318.)** *

(Court of Civil Appeals of Texas. Amarillo. July 2, 1924. Rehearing Denied Oct. 8, 1924.)

1. **Account, action on ⬳13—In action on verified account, directed verdict for defendant as to items not denied held erroneous.**

Where basis of plaintiff's action was account verified, as required by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1906, 2327, 3712, and where defendants specified but single item as unjust, as required by article 2327, subd. 11, it was error to direct verdict for defendant as to items not specifically denied; account so verified being prima facie evidence of plaintiff's right to recover under article 3712.

2. **Sales ⬳273(2)—Rule stated as to implied warranty arising on purchase of machinery directly from manufacturer.**

Where machinery is purchased directly from manufacturer or producer, there is an implied warranty against latent defects arising in process of manufacture and of adaptability, usefulness, and generally fit quality.

3. **Sales ⬳53(1)—Whether engine ordered for oil production company by its field superintendent held under evidence for jury.**

Whether engine had been ordered for oil production company by its field superintendent or by him for another company employed by production company held, under evidence, for jury.

4. **Sales ⬳166(1)—That eight horse power rather than ten horse power engine was furnished held not to entirely defeat seller's recovery.**

Where there was no evidence that eight horse power engine, furnished on order for ten horse power, was incapable of performing service desired, and where it was fully inspected and accepted, held that failure to furnish ten horse power engine did not entitle purchaser to rescind the contract or entirely defeat action for price.

On Motion for Rehearing.

5. **Partnership ⬳213(2)—Defendants, sued as partners in absence of sworn denial of partnership, held liable as partners.**

Defendants, sued as partners, when in fact they were operating under a trust agreement, in absence of sworn denial of partnership, are liable as partners.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by the Oil Well Supply Company against the Texanna Production Company and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Fischer & Fischer, of Wichita Falls, for appellant.

Bonner, Bonner & Sanford, of Wichita Falls, for appellees.

HALL, C. J. The appellant, Oil Well Supply Company, brought this suit against the appellee company, operating under a trust agreement, and W. M. Massie, Clifford Moore, J. S. Shultz, and W. F. White, who compose said company, to recover a balance due upon a verified account for machinery, tools, and supplies sold by appellant to appellees, in the total sum of $2,433.91, upon which account appellees had paid $500, leaving a balance of $1,933.91, and to foreclose a materialman's lien upon the property described in the statement. It is alleged that the individual defendants were partners and stockholders in the Texanna Company. The defendants answered by general demurrer, special exception, general denial, and specially alleged under oath that the account as to the second item, viz., "one unit pumping outfit, complete hoisting drum, and ten H. P. St. Mary's crude oil engine," listed at $1,985, is not just, due, correct, or true. They further allege in substance that they did not order the engine; that it was ordered by F. G. Manley either for himself personally or for his company, called the Henry Riley Oil Company; that, if the Texanna Company could in any way be bound by Manley's order, still the engine was not the engine Manley ordered, because it was an eight horse power engine; and, further, that appellees were not liable, because the engine was wholly unsuited for the purpose for which it was brought. Both parties requested the court to instruct a verdict for them, respectively. The court denied the request of the appellant, and instructed the jury to return a verdict for appellees. This action of the court is made the basis of the appellant's propositions.

It is contended, because the evidence shows that defendants received and accepted the machinery, that, in the absence of allegations and proof by them that the machinery was purchased under agreement, they should be permitted to test the same before acceptance, and would be permitted to return the same, if the implied warranty was breached, or in the absence of allegations and proof that defendants were induced to accept it through fraud, or that the machinery was entirely different from what was ordered, and was worthless; and, where defendants did not reconvene for damages, the court should have instructed the jury to return a verdict in favor of the plaintiff. The record does not contain a copy of the order, and as far as is shown there was no written warranty.

The witness Vaughan, who was the appellees' field superintendent, testified that when the machinery arrived he first inspected the engine and pumping outfit, and then accepted it, and had it hauled out and placed on the appellee's lease; that he fired up the

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction December 10, 1924.

engine, and made it run on two different occasions to see if it was in good condition, and found it O. K. and in good order; that he paid the drayman $75 by a Texanna Production Company check for hauling it from the depot to the lease; that the officials of the production company knew that the machinery had been placed upon the lease, and that they afterward instructed ·him to sell the engine and outfit; that he worked under orders from G. F. Manley, who was the superintendent of the production company, and who had· ordered the outfit; that the outfit was hauled to the lease about May 20, 1920. It was shown that on the 10th of November, 1920, Clifford Moore, as secretary of the production company, wrote the appellant as follows:

"In reference to our selling the pumping machine purchased from you and now on our Dodson lease, Wichita county, Tex., we have to advise that we are willing to make sale. of same at the price or not less than $1,785.00, and herewith authorize you to make sale of same at such figure, and we desire that the amount received be applied on our account with your firm. It is understood, of course, that you will give us the advantage of the best price obtainable, but we are willing to sell at the figure above if necessary."

I. ·N. Shears, manager of the Oil Well Supply Company, testified that F. G. Manley ordered the engine and pumping outfit; that the reasonable value of the same was $1,985; that the account was originally $2,433.91; and that the production company paid $500 on the account on September 18, 1920; that a ten horse power engine was ordered, and that an eight horse power engine was delivered; that there was a brass plate on the engine showing that it was an eight horse power engine, with the factory number also on it, which enabled him to identify it as the particular engine which was shipped to and received by the production company. It appears that the engine was ordered for the Riley Company to use in .developing the production company's lease, and that for some reason the Riley Company abandoned the work ˙and the production company took charge of it before the arrival of the engine and outfit; that the engine was ordered for the purpose of pumping oil from the well as soon as the well was completed, but on account of a flow of water the well was a failure after the engine was delivered upon the lease, and it was never actually used for that purpose. The evidence shows that an eight horse power engine is worth $200 less than the ten horse power engine which was ordered.

[1] The testimony upon the issue of inspection and˙ subsequent acceptance after the engine had been tested is all but conclusive. The basis of the plaintiff's action is an account, attached to the petition, both being properly verified upon V. S. C. S. arts 1906,

2327, and 3712, and, the defendants having specifically set out only one item or particular in which the account was unjust, as required by article 2327, subd. 11, the court erred in instructing a verdict for the defendant, at least as to the items which were not specifically denied. In such an action the answer must set forth the items and particulars as to which the verified account sued upon is not just or true, in whole or in part, failing in which the account becomes prima facie evidence of the plaintiff's right to recover by express provisions of said article 3712. Eberstadt v. Jones, 19 Tex. Civ. App. 480, 48 S. W. 558. This will require a reversal of the judgment. In view of another trial we will discuss the other issues made by the pleadings and raised by the evidence.

[2] It is not clear from the appellees' pleadings whether they rely upon the implied warranty or upon a verbal warranty by one W. H. Whittiken, the branch manager of the appellant company. Where an order for a particular machine is made directly to the manufacturer or producer of it, and the order is accepted, there is an implied provision in the contract that the manufacturer of the article has a complete and intimate knowledge, not·only of the process of its manufacture, but also of its merchantability, quality, and its adaptability and serviceability with reference to the particular use for which he offers to sell it. As to these matters the purchaser does not stand upon an equality with him, and may fairly be presumed to rely upon the manufacturer's superior information. Therefore in all such cases of purchase from the maker or producer there is an implied ·warranty against any latent defects arising in the˙ process of manufacture and not disclosed to the buyer, and also an implied warranty of adaptability, usefulness, and generally fit quality. 1 Black on Rescission and Cancellation, § 189; E. P. & S. W. Ry. v. Eichel & Weikel (Tex. Civ. App.) 130 S. W. 922. If a verbal warranty is not established, and there is no written warranty, then an implied warranty as to the adaptability of the .manufactured article to the purpose for ˙which it was ordered applies. Detroit Automatic Scale Co. v. G. B. R. Smith Milling Co., (Tex. .Civ. App.) 217 S. W. 198; Buffalo Pitts Co. v. Alderdice (Tex. Civ. App.) 177 S. W. 1044; 2 Mechem on Sales, 1222; Simpkins, Contracts and Sales, 912; Seby v. Craven Lumber Co. (Tex. Civ. App.) 259 S. W. 1093.

[3] While the. evidence shows, without contradiction, that the appellees' field manager inspected the machinery before it was unloaded from the car, and tested it after it was transferred to the lease as to its running qualities, there is no evidence whatever that the eight horse power engine would not perform the work for which it was ordered. There is evidence tending to show that its

power was sufficient to pump oil from the well, if it had been used for that purpose. If this testimony is true, the engine was not absolutely worthless. The plaintiff did not plead that the appellees had waived a breach of the implied warranty by acceptance and testing after inspection, and the court could not have properly directed a verdict in its favor for the whole amount sued for. The evidence is sufficient to raise the issue that Manley ordered the engine for the appellees and upon their account.

[4] This was not a sale by sample, and a failure of the appellant to ship an engine of ten horse power does not necessarily entitle the appellees to rescind the contract or defeat an action in whole for the purchase price. 1 Williston on Sales (2d Ed.) §§ 234, 235, 238; 2 Mechem on Sales, § 1347.

For the reasons pointed out, the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

We have reviewed the record, and have concluded that the appellees' pleadings are probably sufficient as to the item denied under oath, and that the evidence relating to that item was admissible; nevertheless the court erred in instructing a verdict for appellees for the reasons set out in the original opinion. The evidence tending to show weakness of the machinery, that it was in good running condition, and probably would have done the work for which it was ordered, is certainly strong enough to have required the court to submit the issues to the jury.

[5] The appellees Moore, Shultz, and Massie were sued as partners. There is no sworn denial of partnership, and, since it seems they were operating under a trust agreement, they are in fact liable as partners.

The motion for rehearing is overruled.