## WILLIAMS & DAVIS BOILER & WELDING CO., Inc., v. WILDER.

### No. 2129.

Court of Civil Appeals of Texas. Waco.

July 6, 1939.

Rehearing Denied Sept. 21, 1939.

Emil Corenbleth and Sam Passman, both of Dallas, for appellant.

Lane & Grace, of Hearne, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, L. A. Wilder, against appellant, Williams & Davis Boiler & Welding Company, Inc., to recover damages resulting from the explosion of a steam boiler, manufactured by appellant and sold by it to appellee. Appellant filed a plea of privilege to be sued in Dallas county, where it had its legal domicile. Appellee filed a controverting affidavit in which he claimed venue in Robertson county on the ground that appellant was a corporation and that his cause of action, or a part thereof, arose in said county. Appellant admitted its corporate character. The testimony showed, in substance, that appellant was engaged in manufacturing and selling boilers; that it manufactured this particular boiler and sold the same to appellee; that its manager represented to appellee that this boiler had been used only three months and was in as good condition as when it was new; that it was a good boiler and suitable for the purposes for which appellee intended to use it, and that he relied on such representations when he purchased the same. Appellee testified that all his previous experience had been with boilers riveted at the seams; that this boiler was welded at the seams; that about sixteen months after he purchased the same, a few moments after he had carefully checked it and put it in operation, without any apparent reason, it exploded and caused material damage; that he examined same after the explosion and found that all the welded seams were broken and that there were no breaks in the metal elsewhere. Appellant's witness testified that he sold the boiler to appellee and represented that it was as good as new; that it was a good boiler and suitable for appellee's uses. He further testified that he could not say a welded boiler had as good tensile strength at the weld as at other places, and that he could not say that under ordinary circumstances a welded joint was normally as strong as a riveted joint. He also testified that appellant had manufactured and sold two or three hundred welded boilers and that this was the only one so far as he knew that had exploded. The explosion occurred and the resulting damage was inflicted in Robertson county. The court heard the entire testimony and overruled appellant's plea.

Appellee had the burden of proving a prima facie cause of action against appellant. The cause of action relied upon by appellee was based in part on an implied warranty against latent defects arising out of the fact that the boiler was manufactured and sold by appellant, and in part on the alleged falsity of the affirmative representations made by ap-

pellant to appellee that said boiler was as good as new, that it was a good boiler and suited to appellee's needs, of which needs appellant was fully informed at the time; and on the fact that appellee relied on such representations and was induced thereby to purchase the boiler. On the legal sufficiency of the evidence to show such a cause of action, see: Oil Well Supply Co. v. Texanna Production Co., Tex. Civ.App., 265 S.W. 203, 204, par. 2, and authorities there cited; Turner & Clayton, Inc., v. Shackelford, Tex.Com.App., 288 S.W. 815, 816, par. 2, and authorities there cited; Johnson v. Agricultural Bond & Credit Corporation, Tex.Civ.App., 114 S.W.2d 385, 388, par. 3, and authorities there cited; A. S. Cameron Steam Pump Works v. Lubbock Light & Ice Co., Tex. Civ.App., 167 S.W. 256, 260, par. 8; United States Pipe & Foundry Co. v. City of Waco, 130 Tex. 126, 108 S.W.2d 432; Avery Co. v. Harrison Co., Tex.Civ.App., 254 S.W. 1015, 1019, par. 13.

A specific finding that the facts in evidence showed prima facie such a cause of action in favor of appellee must be implied from the order of the court overruling the plea of privilege. Such implied finding is binding on this court if there is any evidence to support it, and in passing upon the sufficiency of the evidence to support the same, we must view such evidence in the light most favorable to such finding. Fagg v. Benners, Tex.Civ. App., 47 S.W.2d 872, 874, pars. 2 to 7, inclusive, and authorities there cited. We have carefully considered the evidence and have reached the conclusion that under the rule announced in the authority last cited, such implied finding is not without support in the evidence. The judgment of the trial court is therefore affirmed.