**R. C. FREEMAN, Appellant,**

v.

**Ronald DAVIS d/b/a Memphis Tractor Sales & Service, Appellee.**

**No. 7201.**

Court of Civil Appeals of Texas. Amarillo.

Dec. 3, 1962.

Rehearing Denied Jan. 7, 1963.

A. Curtis Neal, Amarillo, for appellant.

E. Byron Singleton, Amarillo, for appellee.

NORTHCUTT, Justice.

Ronald Davis d/b/a Memphis Tractor & Supply, being the same as Memphis Tractor Sales & Service, brought this suit against R. C. Freeman to recover a deficiency balance upon a sales contract. One, Dale Cunningham, was a tractor salesman during July 1960 at which time he contacted Mr. Freeman as a possible purchaser of a tractor. At this meeting, Mr. Freeman told Cunningham he was interested in buying a tractor of the particular type here in question. Cunningham at that time drew up the contract here in question. Mr. Freeman signed the contract and Cunningham signed the same as a witness to Freeman's signature. Cunningham was a mere go-between for Freeman and Memphis Tractor & Supply. Thereafter Cunningham took the contract and presented it to a Mr. Dorsey, manager of Memphis Tractor & Sales Service, who signed and approved the contract for the plaintiff. Cunningham informed Freeman that the tractor could be delivered and at that time Freeman delivered his check to

Cunningham, made payable to Memphis Tractor & Supply in the sum of $1,250, to be delivered to Mr. Dorsey when the tractor was delivered. The tractor was delivered to Freeman and the check was delivered to Dorsey. When the tractor was delivered, Freeman contended the tractor was not properly equipped and had payment of the $1,250 check turned down. Davis acknowledges part of the equipment was not on the tractor when delivered as he did not at that time have part of it but testified he secured all of it and placed on the tractor all the equipment as specified in the contract.

Parties hereafter will be referred to as they were in the trial court. After defendant had failed to pay the $1,250 check and also failed to pay any of the monthly installments upon the deferred time balance of $3,350.70, the plaintiff took the tractor and resold it for the sum of $2,455 and brought this suit to recover the $1,250 as represented by the check and $895.70 being the difference for what he sold the tractor for and the deferred time balance of $3,350.70 and also asked for interest and attorney's fees.

The case was submitted to a jury upon four special issues. There were no objections made by either party to any portion of the charge and neither did they request any special issues or charges. The first three issues substantiates the contention of the defendant that the plaintiff substantially failed to perform the agreement between the parties. By special issue four the jury found that the defendant accepted the tractor and equipment furnished him by the plaintiff. The court in the judgment stated: "The verdict was duly received by the court and the jury was discharged, and both parties having filed motion for judgment, and it appearing to the court under the pleadings, the evidence, the exhibits, the stipulations, the verdict and the undisputed facts that plaintiff is entitled to judgment * * *" The court then rendered judgment for the plaintiff for the $1,250 being the amount of the check; $895.70 being the amount of deficiency loss suffered by the plaintiff upon his sale of the property purchased by defendant and repossessed from him towards the partial satisfaction of the unpaid balance of the installment contract note signed by defendant to the plaintiff; $375 as attorney's fees and $74.65 interest, making a total recovery of $2,595.35. From that judgment defendant perfected this appeal.

For convenience we copy appellant's assignments of error as follows:

"I.

"The trial court erred in overruling defendant's motion for judgment on the verdict, which established failure of consideration and breach of warranty by plaintiff inasmuch as any "acceptance" by defendant Freeman was at most only a conditional acceptance in reliance on broken promises of plaintiff dealer to correct the defects complained of, and accordingly resulted in plaintiff failing to prove any right of recovery.

"II.

"The trial court erred in overruling defendant's motion for judgment by disregarding the jury finding of "acceptance" in that:

"A. The evidence was insufficient to warrant the submission of the issue of "acceptance", much less in an absolute unqualified sense.

"B. The finding of unqualified acceptance is contrary to the undisputed evidence, or at least the overwhelming preponderance of the evidence.

"III.

"The trial court erred in overruling defendant's motion for judgment non obstante veredicto, in that the record clearly establishes (1) (as found by the jury) failure of consideration and breach of warranty by plaintiff and (2) that whatever temporary "acceptance" was made by defendant rested solely on

unkept promises by plaintiff to correct the defects complained of."

The defendant had contracted to do a certain concrete foundation job for grain storage buildings in Tulia for the contract price running between $120,000 and $130,000 and purchased the tractor and equipment to be used in such work. The job took about approximately three or three and a half months. Defendant testified the tractor was on the job ten weeks or longer. He also testified that ⅔ of the building was done with the tractor in question. There is evidence that everything that was specified in the contract was put on the tractor and the defendant got everything that was ordered under the contract. The tractor was never returned to the plaintiff and defendant never requested plaintiff to come and get the tractor. Defendant brought the tractor to his place of business here in Amarillo from the job in Tulia and it remained at the defendant's place of business until repossessed. The contract provided: "No warranty, express or implied, and no representations, promises, or statements have been made by seller unless endorsed hereon in writing." This record shows the contract here in question was drawn by Cunningham and signed by defendant before the matter was ever presented to the plaintiff. There is no question but what defendant knew about the things he complained about before ever using the tractor. He could have inspected the tractor and did have a fair opportunity therefor. Consequently, he became liable on the contract. In Swift & Company v. Roberson, Tex.Civ.App., 288 S.W.2d 226, it is stated:

"In 37 Tex.Jur., sec. 178, p. 401, it is stated:

" 'It is a settled rule in Texas that, in the absence of any express warranty, a buyer who has accepted the goods tendered him by the seller after inspection or a fair opportunity for inspection thereby becomes liable for the purchase price and is estopped, in so far as all visible defects are concerned,

from asserting that they are not such as the seller contracted to deliver, and from seeking recission of the contract or damages for its breach.'

"In Tex.Jur., sec. 107, pp. 851–2, it is stated:

" '* * * As in other cases, a seller of animals may, by contract, limit his warranty; and a warranty may not, except upon a showing of fraud, accident, or mistake in drafting or executing the agreement be varied by parol.

" 'While, if such an intent is clearly manifested, a special warranty on the sale of an animal may be made to cover blemishes or defects that are open and visible, it is the general rule that, under a contract for the delivery of a certain quality of animals, a purchaser who, on inspection, accepts animals tendered in compliance with the contract, is thereafter estopped to claim, so far as visible defects are concerned, that they do not conform to the agreement; in other words, prior representations as to quality do not constitute such a warranty as will survive the delivery.'

"In Easton v. Dozier, Tex.Civ.App., 148 S.W. 603, 604, writ refused, it is stated:

" 'If the cattle were not as represented, no contention is made that Thomason [the buyer's agent] did not know that fact at the time he accepted them. * * * The defects in the cattle, if any, were therefore visible * * and under such circumstances the alleged representations * * * at the time of the trade, * * * did not amount to a warranty which would survive the delivery of the cattle.'

"In Seby v. Craven Lumber Co., Tex.Civ.App., 259 S.W. 1093, 1094, no writ history, it is stated:

" 'The rule is well established that, where a party purchasing has a fair opportunity of inspecting, and the defects were of such a nature as could have been discovered by him by inspec-

tion, then there is no implied warranty of quality or fitness, and, in the absence of fraud, the buyer is without remedy in any character of defense or suit he might have on an implied warranty. * * * His mere protests, in the face of his acceptance, amount to nothing.' "

Judgment of the trial court is affirmed.

DENTON, Chief Justice (dissenting).

I respectfully dissent. I am of the opinion the trial court erred in entering judgment on the jury verdict.

In response to the four special issues submitted, the jury found: The plaintiff failed to deliver defendant a new tractor and new equipment of the substantial quality and fitness agreed upon; that the acceptance of the tractor and equipment as delivered by the plaintiff would have resulted in defendant accepting something substantially different from that which he contracted to accept; that plaintiff did not subsequently substantially perform the agreement between the parties; and that the defendant accepted the tractor and equipment furnished by the plaintiff.

The whole tenor of plaintiff's pleadings, evidence, and his motion for judgment is that he admits "accepting" the tractor and equipment, but only after immediately calling the seller's attention to the defects. There is further evidence to the effect that after assurances by the plaintiff that these defects would be corrected, and at the plaintiff's request, the defendant retained possession of the tractor and equipment and did use the same for a time. It is therefore undisputed that the defendant accepted or received the tractor and its equipment, but in a legal sense acceptance implies not only the physical act of receiving the goods but also the intention of retaining them. Mueller v. Simon, Tex.Civ.App., 183 S.W. 63, (NWH).

The jury found in response to special issue number two that acceptance of the tractor and equipment by the defendant would have resulted in his accepting something different from that which he contracted for. In response to special issue number four, the jury found the defendant accepted the tractor and equipment furnished to him by the plaintiff. There were no definitions or explanatory instructions given in connection with these special issues. In applying the approved test laid down in Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473 (Writ Refused), I am of the opinion the jury's answers to these issues present a fatal conflict. It is difficult to understand how a purchaser can accept goods he has contracted for on one hand, and at the same time, accept goods which the jury found did not conform with the terms of the contract. It is well settled that a fatal conflict cannot be waived by the parties, and that a judgment on a verdict containing such a conflict must be set aside. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, and cases therein cited.

I would, therefore, reverse the judgment of the trial court and remand the cause for a new trial.